1  **WO**

2

3

4

5                          **NOT FOR PUBLICATION**

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9   Claudia Cristina Rosen,                    )    No. CV-10-0584-PHX-FJM
                                                )
10               Plaintiff,                     )    **ORDER**
                                                )
11  vs.                                         )
                                                )
12                                              )
    Community Education Centers, Inc.,          )
13                                              )
                 Defendant.                     )
14                                              )
                                                )
15

16

17        The court has before it plaintiff's motion for leave to file a second amended complaint

18  (doc. 34), defendant Community Education Center's ("CEC") response (doc. 37), and

19  plaintiff's amended reply (doc. 44).[1]  Defendant CEC owns and operates private prisons,

20  pursuant to a contract with the Arizona Department of Corrections. Since 2007, plaintiff has

21  been employed by CEC as an officer at Yuma Detention Center Facility. Antonio Morales

22  was also employed by defendant CEC, and was plaintiff's immediate supervisor. Plaintiff

23  claims that on May 19, 2009, Morales assaulted and battered her. Plaintiff alleges that the

24  assault was based upon her gender.

25        In her first complaint, Plaintiff named Morales as a defendant (doc. 1). Following

26

27  _____

28        [1]Plaintiff has also filed a third motion for leave to amend her complaint (doc. 46). As
    it is not yet ripe, we do not consider the amendments proposed in that motion.

1   receipt of the complaint, defense counsel wrote to plaintiff's counsel to outline perceived

2   deficiencies in several of the counts, including the claims for constructive discharge,

3   violation of public policy, wrongful retaliation, and wrongful termination. Response to

4   Motion to Amend, ex. A. Plaintiff subsequently filed a first amended complaint, which

5   asserted a new claim for negligent supervision against defendant CEC (doc. 19). Defense

6   counsel again wrote to plaintiff's counsel, this time requesting the dismissal of the

7   constructive discharge, wrongful termination, and negligent supervision claims against CEC,

8   and the modification of the wrongful retaliation claim. Response to Motion to Amend, ex.

9   B. Plaintiff's lawyer agreed to dismiss the wrongful termination and negligent supervision

10  claims, "if and only if" defendant agreed to forego a motion to dismiss and to timely file an

11  answer to plaintiff's complaint, and reserved the right to move for the addition of claims later

12  "as circumstances may warrant." Response to Motion to Amend, ex. C. The parties

13  stipulated to the dismissal of the wrongful termination and negligent supervision claims

14  against CEC (doc. 22), and CEC filed an answer (doc. 21). Additionally, plaintiff never

15  served Morales, and thus he was dismissed, pursuant to Rule 4(m), Fed. R. Civ. P. (doc. 26).

16          Plaintiff now seeks leave to assert a new claim against CEC for a violation of her civil

17  rights, revive her negligent supervision claim, bring Morales back in as a defendant, and add

18  a claim for assault and battery against Morales. Plaintiff's motion was timely filed in

19  accordance with the Rule 16 Scheduling Order (doc. 30). Defendant opposes the motion on

20  the grounds of futility, bad faith, and dilatory motive.

21                                              **I**

22          Defendant argues that plaintiff's claim for a violation of her civil rights is futile.

23  Plaintiff claims that defendants CEC and Morales conspired to deprive plaintiff of her First

24  Amendment right to petition the government for redress of her grievances by retaliating

25  against her for reporting the assault, in violation of 42 U.S.C. § 1985(3). Plaintiff also

26  alleges that defendants further violated her rights by illegally obstructing the police

27  investigation of the assault and battery against her, and by "denying her right to not be

28  retaliated against for free speech, and her right to protection under Title VII, in violation of

42 U.S.C. § 1983." Amended Complaint, 38–39, ¶ 184.

Under Rule 15(a)(2), Fed. R. Civ. P., we grant leave to amend pleadings when "justice so requires." We deny leave to amend on the basis of futility when the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. See Townsend v. University of Alaska, 543 F.3d 478, 486 n.6 (9th Cir. 2008) (the "basis for futility is more accurately characterized as a failure to state a claim for relief."). Therefore, we consider whether plaintiff's amended complaint contains "well-pleaded factual allegations" that "plausibly give rise to an entitlement to relief" for a violation of her civil rights. Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1950 (2009).

"Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." Great American Federal Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 372, 99 S.Ct. 2345, 2349 (1979). To state a claim under section 1985, plaintiff must allege that defendants (1) conspired; (2) for the purpose of depriving, any person or class of persons of equal protection or equal privileges and immunities; and (3) one or more of the conspirators did or caused to be done any act in furtherance of the object of the conspiracy; whereby another was (4a) injured in his person or property or (4b) deprived of having and exercising any right or privilege of a United States citizen. Griffin v. Breckenridge, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99 (1971).

First, defendant argues that plaintiff cannot show that there was a conspiracy, because a corporation cannot conspire with its agents or employees acting within the scope of their employment. Although defendant claims that it is "well-settled" that a corporation cannot conspire with its employees, they cite no binding precedent to that effect. In fact, there is some disagreement about the applicability of the intracorporate conspiracy doctrine to actions under section 1985, and the United States Court of Appeals for the Ninth Circuit has not yet addressed the issue. See Mustafa v. Clark County School Dist., 157 F.3d 1169, 1181 (9th Cir. 1998) ("This circuit has not yet addressed whether individual members of a single governmental entity can form a 'conspiracy' within the meaning of section 1985."). See also Dickerson v. Alachua County Com'n, 200 F.3d 761, 769, n.9 (11th Cir. 2000) (reviewing the

1
2
3
4
5
6

state of the law on the applicability of the intracorporate conspiracy doctrine to section 1985(3) claims in different circuits). Moreover, even if a corporation cannot conspire with itself for purposes of a section 1985 claim, "an intracorporate conspiracy may be established where individual defendants are also named and those defendants act outside the scope of their employment for personal reasons." Garza v. City of Omaha, 814 F.2d 553, 556 (8th Cir. 1987).

7
8
9
10
11
12
13

In her amended complaint, plaintiff does allege that Morales assaulted and battered her while performing his normal course of duties, in accordance with his employment contract with defendant CEC. Amended Complaint, 7, ¶ 25. But we do not interpret this assertion to necessarily mean that Morales was operating on behalf of CEC when he allegedly assaulted and battered plaintiff. Certainly such violence was not in the normal course of his duties, even if it allegedly occurred while Morales was performing his usual work.

14
15
16
17
18
19
20
21

However, this does not mean that plaintiff has asserted factual allegations that could plausibly entitle her to relief under section 1985. While it is theoretically possible that CEC conspired with other employees or former employees to deprive plaintiff of her civil rights, she offers no allegations to substantiate such an unlikely scenario. The generalized accusation that defendants CEC, Morales, and unnamed employees conspired to deprive plaintiff of her rights, without any indication of the nature of the conspiracy, is insufficient. Therefore, plaintiff has not stated a claim for the element of conspiracy under 42 U.S.C. § 1985(3).

22
23
24
25
26
27
28

Additionally, plaintiff has not alleged facts sufficient to establish the second element of a section 1985 claim, the deprivation of plaintiff's right with a discriminatory purpose. A right created by Title VII is not actionable under § 1985(3). Great American, 442 U.S. at 378, 99 S.Ct. at 2352. Thus, plaintiff must show defendant deprived her of another right with "invidiously discriminatory animus." Griffin, 403 U.S. at 102, 91 S.Ct. at 1798. That discriminatory animus must arise from plaintiff's membership in a protected class. "Section 1985(3) extends beyond race only when the class in question can show that there has been

1
2
3
4

a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." Orin v. Barclay, 272 F.3d 1207, 1217 n.4 (9th Cir. 2001). Individuals who wish to petition the government are not such a group, and are therefore not protected by section 1985. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1538 (9th Cir. 1992).

5
6
7
8
9
10
11
12
13
14
15

Plaintiff claims that it is possible that CEC and its employees conspired to deprive plaintiff of her First Amendment right to petition the government because she is female. Women can constitute a protected class. See Life Ins. Co. of North America v. Reichardt, 591 F.2d 499, 505 (9th Cir. 1979) ("women purchasers of disability insurance are a sufficient class"). Plaintiff thus characterizes her claim as an assertion that defendant CEC and its employees, who were operating outside the scope of their employment, conspired to deprive her of her First Amendment right to petition the government for redress, and did so because she is a woman. This is purely speculative, and plaintiff does not offer factual allegations to back up her hypothetical discriminatory animus that motivated the alleged deprivation of her rights. Therefore, plaintiff has not sufficiently plead the second element of a conspiracy claim.

16
17
18
19
20

We also deny leave to amend to assert any claims for a violation of 42 U.S.C. § 1983. Plaintiff references section 1983 in her claim for a violation of her civil rights, but she has not alleged that any defendant operated under color of law. Any claim under section 1983 fails as a matter of law. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 1604 (1970).

21
22

Because her proposed claim for a violation of her civil rights is futile, we deny leave to amend to add the claim.

23

**II**

24
25
26
27
28

Defendant argues that plaintiff's proposed claim for negligent supervision is futile because under the Arizona Workers' Compensation Act, the right to recover pursuant to the statute is the "exclusive remedy against the employer or any co-employee acting in the scope of his employment," unless the injury is caused by defendant's "wilful misconduct." A.R.S. § 23-1022(A).  Defendant contends that a claim for negligent conduct by supervisors is

1   precluded by the statute.  See Irvin Investors, Inc. v. Superior Court In and For County, 166

2   Ariz. 113, 115, 800 P.2d 979, 981 (Ct.App. 1990) (citing Ford v. Revlon, Inc., 153 Ariz. 38,

3   734 P.2d 580 (1987)) (fellow employee's sexual harassment of plaintiff was an "unexpected

4   injury-causing event" within the coverage of the compensation statute); see also Mosakowski

5   v. PSS World Medical, Inc., 329 F.Supp.2d 1112, 1131 (D.Ariz. 2003).

6       Plaintiff argues that the claim is not futile because it is possible that "some set of

7   facts" may show that plaintiff's injuries were caused by actions taken outside the scope of

8   any defendant's employment, but for which CEC would be liable.  Plaintiff also claims that

9   because her injuries were allegedly caused by defendant Morales's assault, a clearly

10  intentional act, her claims falls within the "willful misconduct" exception to the Worker's

11  Compensation statute.

12      We conclude that plaintiff's negligent supervision claim is futile.  First, plaintiff's

13  highly speculative "some set of facts" does not constitute "well-pleaded factual allegations."

14  Iqbal, __ U.S. at __, 129 S.Ct. at 1950.  Second, in her complaint, plaintiff alleges that

15  defendant CEC knew or should have known about the "harassers'" wrongful conduct, and

16  was in a position to intervene to protect plaintiff, which it failed to do.  Thus, plaintiff asserts

17  her negligent supervision claim against CEC, not Morales or any other employee.  However,

18  plaintiff does not explain how a corporate defendant could have been acting outside the scope

19  of employment, but in a manner for which it would be liable.  Third, the culpability at issue

20  in her negligent supervision claim is that of defendant CEC, not that of Morales.  Therefore,

21  even if Morales acted willfully when he allegedly assaulted plaintiff, plaintiff's claim for

22  negligent supervision does not come under the wilful misconduct exception.

23      Plaintiff's claim for negligent supervision fails as a matter of law.  Because we deny

24  leave to amend due to futility, we need not address defendant's argument that the reassertion

25  of this claim constitutes bad faith on the part of plaintiff.

**III**

27      Defendant argues that plaintiff's attempt to reassert claims against Morales is made

28  in bad faith and demonstrates a dilatory motive.  Plaintiff named Morales in her first

- 6 -

complaint, but never served him.  Plaintiff later dismissed Morales (as well as three other named defendants and all fictitious defendants), pursuant to Rule 41(a)(1)(A)(I), Fed. R. Civ. P.  Defendant argues that plaintiff's attempt to re-name Morales, triggering a new 120 day service period, is an end run around Rule 4(m), Fed. R. Civ. P., and our scheduling order, which required the dismissal of any party not yet served, unless parties showed cause for the failure to serve (doc. 24).  Plaintiff counters that defendant's allegations of bad faith ignore that plaintiff expressly reserved the right to move to add claims at a later time, "as circumstances may warrant."  Plaintiff further claims that because Morales was never served, there is no prejudice in renaming him.  Last, plaintiff explains that she had hoped to hold off on deciding whether to name Morales until the criminal charges against him, stemming from the alleged assault, were resolved.  However, because that case is still ongoing, plaintiff decided to proceed with her claims against Morales.

In determining whether to grant leave to amend, we consider the presence of bad faith and dilatory motive.  See United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001).  We share defendant's concern about the inefficiency of naming, dropping, and then renaming a defendant.  Additionally, plaintiff's contention that she wanted to decide whether or not to name Morales after the resolution of the criminal case does not explain why she named him in her first complaint.  However, we agree with plaintiff that the addition of the claims against Morales does not prejudice him, as he has not yet had to respond to plaintiff's complaint.  Moreover, under Rule 15(a), Fed. R. Civ. P., we grant leave to amend freely.  We conclude that justice requires that plaintiff have the opportunity to seek redress against the individual she believes assaulted her.  Nevertheless, plaintiff better serve Morales promptly so that he may comply with our Rule 16 order.

**V**

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** plaintiff's motion to amend (doc. 34).  **IT IS ORDERED GRANTING** plaintiff leave to amend to assert claims against Antonio Morales.  **IT IS ORDERED DENYING** plaintiff leave to assert a claim for a violations of 42 U.S.C. § 1985(3) and 42 U.S.C. § 1983 and for negligent

1   supervision.

2        DATED this 7th day of October, 2010.

3

4        _Frederick J. Martone_
                 Frederick J. Martone
5                United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28