**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Claudia Cristina Rosen,

Plaintiff,

vs.

Community Education Centers, Inc., et al.

Defendants.

No. CV-10-0584-PHX-FJM

**ORDER**

The court has before it plaintiff's motion for leave to file a third amended complaint (doc. 46), defendant Community Education Center's ("CEC") response (doc. 49), and plaintiff's reply (doc. 56). Plaintiff seeks to amend her complaint to add: (1) Emerald Correctional Management, LLC as a defendant; (2) allegations about repeated sexual harassment; and (3) a claim for negligent supervision and retention. In our order granting in part and denying in part plaintiff's first motion to amend, we granted leave to add claims against Antonio Morales and denied leave to assert claims for negligent supervision and violations of 42 U.S.C. § 1985(3) and 42 U.S.C. § 1983 (doc. 47).

Our Rule 16 Scheduling Order set a deadline of July 19, 2010 for motions to amend plaintiff's complaint and to join additional parties (doc. 30). Plaintiff filed this motion on October 4, 2010, over two and a half months late. Because the deadline has passed, the Rule

15, Fed. R. Civ. P. standard for amending a complaint does not apply. Instead, plaintiff must show good cause for modifying the scheduling order, pursuant to Rule 16(b)(3), Fed. R. Civ. P. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). We may modify the order only "if it cannot reasonably be met despite the diligence of the party seeking the extension." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). When the party seeking modification is not diligent, "the inquiry should end and the motion to modify should not be granted." Id.

Plaintiff has not shown that she acted diligently to comply with the order, and thus there is no good cause for modification. Plaintiff's explanation for the delay in filing her motion is that she speaks limited English, and was therefore not aware of a possible change in management of the Yuma Detention Center. Plaintiff's English is apparently good enough to enable her to assist counsel in preparing multiple complaints, each over thirty pages long. Plaintiff has made no showing that her language limitations were so severe as to prevent a diligent plaintiff from identifying the relevant parties and appropriate claims in a timely manner. Further, in their answer to plaintiff's first amended complaint, filed May 10, 2010, defendants did not categorically admit to employing plaintiff for "all times relevant hereto." Answer at 2 (doc. 21). This should have put a diligent party on notice of the possibility of another employer. Additionally, plaintiff argues that her new sexual harassment allegations could reasonably be expected to grow out of her EEOC charges, as evidenced by her statements to the EEOC investigator about sexual harassment and a hostile work environment. If this is true, then certainly a diligent plaintiff could have asserted the harassment claims in accordance with our deadline.

Moreover, plaintiff's first complaint was filed over seven months ago (doc. 1), and she has already amended her complaint twice. As we have explained, we are approaching the deadlines set in our Rule 16 scheduling order for the disclosure of witnesses and expert testimony (doc. 30). Given the age of this action and the repeated attempts to amend the complaint, we cannot grant this untimely motion to amend yet again.

/ / /

**IT IS ORDERED DENYING** plaintiff's motion for leave to amend (doc. 46).

DATED this 4th day of November, 2010.

Frederick J. Martone

Frederick J. Martone
United States District Judge